1  PHILLIP A. TALBERT
   United States Attorney
2  STEPHANIE M. STOKMAN
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone:    (559) 497-4000
   Facsimile:     (559) 497-4099
5  Attorneys for Plaintiff
   United States of America

6

7              IN THE UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10 UNITED STATES OF AMERICA,              CASE NO.  1:21-CR-00130-JLT-SKO
                                                    1:22-MJ-00176-BAM
                        Plaintiff,
11                                         STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
12          v.                             ORDER

   TEMMY EDIA,                             DATE: March 15, 2023
13                                         TIME: 1:00 p.m.
                        Defendant.         COURT: Hon. Sheila K. Oberto
14

15

16         This case is set for status conference on March 15, 2023.  On May 13, 2020, this Court issued

17  General Order 618, which suspends all jury trials in the Eastern District of California "until further

18  notice."  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18

19  U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's

20  judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after

21  May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency,

22  were entered to address public health concerns related to COVID-19.

23         Although the General Orders and declarations of emergency address the district-wide health

24  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

25  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

26  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

27

28         [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME            1
   PERIODS UNDER SPEEDY TRIAL ACT

record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

(9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

judge granted such continuance on the basis of his findings that the ends of justice served by taking such

action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

§ 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

*Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   pretrial continuance must be "specifically limited in time").

2                                   **STIPULATION**

3        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

4   through defendant's counsel of record, hereby stipulate as follows:

5        1.      By previous order, this matter was set for status on March 15, 2023.

6        2.      By this stipulation, defendant now moves to continue the status conference until June 7,

7   2023, and to exclude time between March 15, 2023, and June 7, 2023, under 18 U.S.C. § 3161(h)(7)(A),

8   B(iv) [Local Code T4].

9        3.      The parties agree and stipulate, and request that the Court find the following:

10               a)      The government has represented that the discovery associated with this case

11   includes reports, photographs, and audio files. All of this discovery has been either produced

12   directly to counsel and/or made available for inspection and copying.

13               b)      Counsel for defendant was recently appointed in November/December, and

14   desires additional time to further review discovery, discuss potential resolution with his client

15   and the government, and investigate and prepare for trial.

16               c)      Counsel for defendant has been engaged in litigating two separate special

17   circumstance matters over the course of the last two months: a two-week long preliminary

18   hearing in early February, and has been engaged in a trial since February 21, 2023.  The trial is

19   expected to run through the middle of March.

20               d)      As such, the parties are not prepared nor ready to set a trial date at this time, as

21   counsel has only been involved in this matter for three months.  The parties request additional

22   time for counsel to review discovery and discuss a potential resolution with the government.

23               e)      Counsel for defendant believes that failure to grant the above-requested

24   continuance would deny him/her the reasonable time necessary for effective preparation, taking

25   into account the exercise of due diligence.

26               f)      The government does not object to the continuance.

27               g)      Based on the above-stated findings, the ends of justice served by continuing the

28   case as requested outweigh the interest of the public and the defendant in a trial within the

STIPULATION REGARDING EXCLUDABLE TIME          3
PERIODS UNDER SPEEDY TRIAL ACT

original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 15, 2023 to June 7, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

i)      The parties also agree that this continuance is necessary for several reasons, including but not limited to, the need to permit time for the parties to exchange supplemental discovery, engage in plea negotiations, and for the defense to continue its investigation and preparation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 9, 2023                          PHILLIP A. TALBERT
                                               United States Attorney

                                               /s/ STEPHANIE M. STOKMAN
                                               STEPHANIE M. STOKMAN
                                               Assistant United States Attorney


Dated:  March 9, 2023                          /s/ RICHARD BESHWATE
                                               RICHARD BESHWATE
                                               Counsel for Defendant
                                               TEMMY EDIA

**ORDER**

IT IS SO ORDERED.

DATED:     3/9/2023          *Sheila K. Oberto*
                            _____
                            THE HONORABLE SHEILA K. OBERTO
                            UNITED STATES MAGISTRATE JUDGE